USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JOHN APONTE,               :
                           :      08 Civ. 6748 (LAP)
                Petitioner, :
                           :           ORDER
        - v. -             :
                           :
R.J. CUNNINGHAM,           :
                           :
                Respondent. :
----------------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

On July 10, 2008, Petitioner John Aponte ("Petitioner"), a New York state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [dkt. no. 1.] Petitioner challenged his conviction for second degree murder on the grounds that (1) the trial court erred in finding that he was competent to stand trial; and (2) he received ineffective assistance of counsel. This Court referred the matter to Magistrate Judge Ellis on August 8, 2008. [dkt. no. 2.] By Report and Recommendation ("Report") dated November 2, 2010, Judge Ellis recommended that the petition be denied on both grounds. [dkt. no. 10.] On November 17, 2010, Petitioner timely filed written objections to the Report pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure ("Petitioner's Obj."). [dkt. no. 11.]

When suitable written objections to a magistrate's report and recommendation are timely filed, the Court reviews de novo

those parts of the report to which Petitioner objects. Fed. R. Civ. P. 72(b)(3). When a party simply rehashes the same arguments set forth in its original petition, however, such objections do not suffice to invoke de novo review of the Report. See Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466 (S.D.N.Y. Sept. 30, 2002). In such a case where a party merely reiterates his original arguments, the Court reviews the Report only for clear error. See Barratt v. Joie, No. 96 Civ. 0324, 2002 WL 335014 (S.D.N.Y. Mar. 4, 2002).

In the present matter, Petitioner objects to Judge Ellis's determination that the trial court did not err in finding Petitioner competent to stand trial. Petitioner contends that "the determinations of both the trial court and the magistrate judge did not give proper weight to the opinion" of a doctor who found that Petitioner suffered from a psychiatric condition. (Petitioner's Obj. ¶3.)

This is precisely the same argument Petitioner raised in his original petition. (Report at 7.) Judge Ellis did not find the argument persuasive, and neither does the Court. At trial, three experts agreed that even if Petitioner suffered from psychosis, it would not impinge on his ability to participate competently in his trial. (Id. at 8.) Judge Ellis properly concluded that "[t]he trial court considered the facts before it and its determination is entitled to deference. Moreover, there

2

was relevant evidence to support that determination." (Id.). Petitioner's rehashed objections do not support a finding of error on the part of either the trial court or the Report.

Having considered petitioner's objections, the Court concludes that the Report is thorough and well grounded in law. For the foregoing reasons, the Court adopts the Report [dkt. no. 10] in its entirety. Petitioner's petition [dkt. no. 1] is DENIED.

SO ORDERED.

April 11, 2011
New York, New York

_____
LORETTA A. PRESKA
Chief U.S. District Judge

3